IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOAN F. GREGG, *Executrix of the Estate of*      )
*DONALD J. GREGG, SR., Deceased,*                )        **CIVIL ACTION NO. 3:14-44**
                    **Plaintiff,**       )
                                     )        **JUDGE KIM R. GIBSON**
      **v.**                                                        )
                                       )
**LONESTAR TRANSPORTATION, LLC,**                )
*a Texas limited liability company,*                     )
                **Defendant.**       )

## MEMORANDUM OPINION AND ORDER

### 1. INTRODUCTION

This matter comes before the Court upon consideration of Defendant's motion for more definite statement and for partial dismissal of complaint (ECF No. 3). For the reasons that follow, the Court will grant in part and deny in part Defendant's motion.

### 2. BACKGROUND

#### a. Procedural background

Plaintiff, Joan F. Gregg, Executrix of the Estate of Donald J. Gregg, Sr., initially filed a Complaint against Defendant LoneStar Transportation, LLC, in the Court of Common Pleas of Cambria County, Pennsylvania, at No. 2014-885. (ECF No. 1 at 1). The action was removed from the Court of Common Pleas to this Court pursuant to the provisions of 28 U.S.C. § 1441 *et seq.* (*Id.* at 2).

## b. Factual background

The Complaint asserts that Donald J. Gregg ("Gregg") was operating a 1998 Peterbilt truck in a proper and prudent manner on August 29, 2013, at approximately 7:20 a.m. (ECF No. 1-2 at 2). Gregg was travelling in a westerly direction on SR 422 near the SR 219 North Exit ramp, in Cambria Township, Cambria County, PA. (*Id.*).

At the same place and time, John Edwards ("Edwards"), a properly authorized agent and/or employee of LoneStar, was operating a 2007 Peterbilt truck with a trailer attached thereto, which was transporting a windtower blade. (*Id.*) The Complaint alleges that at all times relevant thereto, Edwards was acting within the scope and course of his employment duties for LoneStar, and was acting in furtherance of LoneStar's business activity of transporting the windtower blade for profit. (*Id.*). The Complaint further alleges that at that place and time, Charlie E. Johns ("Johns"), a properly authorized agent and/or employee of LoneStar, was operating a Red Dodge Ram Model 1500 pickup truck, which acted as an escort vehicle for the LoneStar truck and windtower blade. (*Id.* at 3). The Complaint asserts that Johns was acting within the scope and course of his employment duties for LoneStar, and was acting in furtherance of LoneStar's business activity of transporting the windtower blade for profit. (*Id.*).

Plaintiff asserts that LoneStar, acting through its duly authorized employees and/or agents who were acting in the scope and course of their employment duties for LoneStar, negligently, carelessly, and/or recklecssly operated LoneStar's truck from SR 219 South Exit Ramp onto the section of SR 422 that is located under the SR 219 overpass/bridge, blocking all

four lanes of traffic for several minutes, at a time when extremely dense fog had settled under the bridge. (*Id.*). Plaintiff alleges that the windtower blade being transported by the LoneStar truck was virtually impossible to see for drivers travelling westbound on SR 422 because of its white color and the extremely dense fog that had settled in the area of the bridge. (*Id.* at 3–4).

The Complaint alleges that Gregg encountered the dangerous condition caused by the LoneStar truck as a direct and proximate result of the conduct of LoneStar, acting through its duly authorized employees and/or agents who were acting in the scope and course of their employment duties for LoneStar. (*Id.* at 7). Gregg was subjected to and/or faced with a sudden emergency, forcing Gregg to attempt to avoid a collision with the LoneStar truck blocking all four lanes of traffic and both berms. (*Id.* at 7–8). As a result, Gregg lost control of his truck and collided and/or impacted the bridge embankment/abutment. (*Id.* at 8). The Complaint states that Gregg was killed and his widow and children suffered and/or sustained other damages. (*Id.* at 8).

Plaintiff brings a wrongful death action pursuant to 42 Pa. C.S.A. § 8301 at Count I of the Complaint. (ECF No. 1-2 at 2). Plaintiff alleges that LoneStar violated the mandates of 67 Pa. Code § 179.1 et seq., including, but not limited to 67 Pa. Code § 179.10(6)(ii). (*Id.* at 8). The Complaint alleges that LoneStar's violation of 67 Pa. Code 179.10(6)(ii) was the direct and proximate cause of the collision, and the resulting injuries, death and other damages. (*Id.* at 11).

Plaintiff brings a survival action pursuant to 42 Pa. C.S.A. § 8302 at Count II of the Complaint, on the basis that Gregg suffered serious personal injuries as a result of the collision,

3

suffered a pecuniary loss resulting from his inability to deliver the load of shale and other deliveries he was scheduled to make on August 20, 2013, and suffered pecuniary loss in the amount of the damage sustained to his truck. (*Id.* at 14–15).

Count III of the Complaint alleges that the conduct of LoneStar, acting through its duly authorized employees and/or agents who were acting in the scope and course of their employment duties for LoneStar, was intentional, willful, outrageous, reckless and deliberately indifferent to the health, safety and welfare of motorists travelling westbound on SR 422. (*Id.* at 16). Plaintiff asks for punitive damages based on LoneStar's alleged outrageous conduct in operating the LoneStar truck that measured approximately 160 feet in length from a place of safety on the South exit ramps of SR 219 into a place where an extremely dangerous condition was created by the truck. (*Id.* at 16–17). Plaintiff finally asserts that LoneStar engaged in outrageous conduct by its manner of training its employees, agents and/or drivers on the laws and regulations governing motor vehicles in the Commonwealth of Pennsylvania. (*Id.* at 18).

## 3. STANDARD OF REVIEW

### a. Motion to dismiss

A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). A party may ask that a complaint or portion of a complaint be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

4

In determining the sufficiency of the complaint, a district court must conduct a two-part analysis. First, the court should separate the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Threadbare recitals of the elements of a cause of action do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

A complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). In determining whether a plaintiff has shown a "plausible claim for relief" the Court must conduct a "context specific" inquiry that requires it to "draw on its judicial experience and common sense." *Id.* at 679. The relevant record under consideration includes the complaint and any "document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

If a complaint is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless

5

such amendment would be inequitable or futile. *Phillips,* 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002); *see also Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) ("[L]eave to amend generally must be granted unless the amendment would not cure the deficiency.")).

### b. Motion for more definite statement

A party may move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.,* 939 F.Supp. 365 (E.D. Pa. 1996) (quoting *5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1376 (1990)). The motion is appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *Id.* (citing *Hicks v. Arthur,* 843 F.Supp. 949, 954 (E.D. Pa. 1994)). A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publication, Inc.,* 370 F.2d 795 (3d Cir. 1967).

### 4. ANALYSIS

#### a. LoneStar's arguments

LoneStar has filed a motion for partial dismissal and for a more definite statement. (ECF No. 3). In its brief in support thereof, LoneStar argues that Plaintiff's Complaint fails to allege facts to support claims of recklessness and for punitive damages, and that those claims should therefore be dismissed. (ECF No. 4 at 5). LoneStar further asserts that the language "including, but not limited to" in paragraphs 11, 22 and 22(a) and other allegations in subparagraphs 22(h), 22(j) and 22(k) are so vague and ambiguous that Plaintiff should be ordered to replead those paragraphs or that this language should be deemed stricken from the complaint. (*Id.* at 8).

#### b. Motion for partial dismissal

Since this Court is sitting in diversity jurisdiction, the Pennsylvania standard governing punitive damages applies here. Punitive damages are an "extreme remedy" available only in the most exceptional matters. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984), citing *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963). Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). In order to support a claim for punitive damages, a plaintiff must establish that "(1) a defendant had a subjective appreciation of the risk of harm to which

7

plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 124; *see also Ditzler v. Wesolowski*, No. 3:05-cv-325, 2007 WL 2253596, at *4 (W.D. Pa. Aug. 3, 2007).

The Court must consider the actor's state of mind in determining whether punitive damages should be awarded. *Feld*, 485 A.2d at 748. The instant Complaint alleges that LoneStar's agent was negligent in operating his truck. (ECF No. 1-2 at 14). Plaintiff alleges that LoneStar's agent acted outrageously in "operating a truck that measured 160 feet in length from a place of safety on the South exit ramp of SR 219 into a place where an extremely dangerous condition was created by the LoneStar truck on SR 422 at a time when extremely dense fog had settled in the area of the bridge . . ." (ECF No. 1-2 at 17). Plaintiff alleges that the sudden emergency situation created by LoneStar's agent prohibited motorists from having an adequate opportunity to react to the dangerous condition. (*Id.*). Plaintiff further asserts that the outrageous nature of the conduct was "even more willful, wanton, reckless, and deliberately indifferent to Gregg because of the availability of at least one escort vehicle that LoneStar had at said place and time," which had the opportunity to perceive the extremely dense fog and take preventative measures. (*Id.*).

The Court is mindful of the fact that punitive damages are an extreme remedy under Pennsylvania law. Plaintiff has failed to allege sufficient facts to establish a plausible claim that LoneStar's agent had a subjective appreciation of the risk to other motorists and acted in conscious disregard of that risk in operating his truck. Plaintiff has not alleged sufficient facts to

8

establish that LoneStar's agent knew of the risks involved in operating his truck in the manner alleged, nor that he acted in conscious disregard of that risk.

The Court also finds that Plaintiff has failed to allege sufficient facts to state a plausible claim for punitive damages for LoneStar's direct negligence in training its employees. The Complaint merely asserts that LoneStar was negligent in training its employees regarding the laws of the Commonwealth of Pennsylvania. (*Id.* at 18). The Complaint fails to allege any further facts to suggest that such training was so outrageous as to establish a plausible claim for punitive damages. Since punitive damages are an "extreme remedy," additional facts would need to be pled in order to support Plaintiff's claim.

Therefore, Defendant's motion to dismiss Plaintiff's claims of recklessness and for punitive damages are granted. The Court finds that it is in the interest of justice to grant leave to amend to allow Plaintiff to address the deficiencies outlined above.

### c. Motion for more definite statement

Defendant argues that the phrase "including, but not limited to" contained in paragraphs 11, 22 and 22(a), and other allegations found in subparagraphs 22(h), 22(j), and 22(k) are so "vague and ambiguous" that they must be repled. (ECF No. 4 at 8). Language akin to the language used in the instant Complaint was considered in *Pozarlik v. Camelback Associates, Inc.*, in which the complaint had alleged that the defendant had been negligent in failing to exercise reasonable care at the property, "including but not limited to" twelve different theories, as well as "such other negligence, if any, that will be ascertained during discovery." *Pozarlik v.*

9

*Camelback Associates, Inc.*, 2011 WL 6003841, at *3 (M.D. Pa. Nov. 30, 2011). The court found that the defendant could not be expected to answer such vague and sweeping allegations, which could incorporate potentially innumerable state and federal laws. *Pozarlik*, at *4.

Here, the Defendant relies heavily on the persuasiveness of *Pozarlik* to request a repleading of paragraph 11, which states that: "LoneStar, acting through its duly authorized employees and/or agents . . . violated the mandates of 67 Pa. Code § 179.1 et. seq., including, but not limited to 67 Pa. Code § 179.10(6)(ii), [when] operating the LoneStar truck . . . ." (ECF No.1-2 at ¶ 11). While there is some ambiguity in paragraph 11, the statement does not rise to the level of ambiguity found in *Pozarlik*. Unlike in *Pozarlik*, the language found in paragraph 11 permits only a limited number of additional claims, under one specific section of the law. Defendant should be able to adequately respond to the limited number of claims that may arise under 67 Pa. Code § 179.1 et. seq. Therefore, the Court finds that Plaintiff should not be required to give a more definite statement in paragraph 11.

Paragraph 22 and subparagraph 22(a) of the Complaint allege the following:

LoneStar . . . engaged in conduct that was negligent, careless and/or reckless in the following particulars, including, but not limited to:
a. Failing to abide by the laws and regulations governing motor vehicles and permitted motor vehicles in the Commonwealth of Pennsylvania, including, but not limited to 67 Pa. Code § 179.10(6)(ii).

(ECF No. 1-2 at ¶ 22). This Court finds that Plaintiff should be granted leave to replead paragraph 22 and subparagraph 22(a). The allegation is overly broad, as it merely specifies 67 Pa. Code § 179.10(6)(ii), but leaves open the possibility of numerous other claims being brought

10

under other laws of the Commonwealth of Pennsylvania. The vague nature of the allegation makes it difficult for Defendant to prepare a response to these claims. Thus, the Court finds that Plaintiff should provide a more definite statement in this paragraph.

Defendant finally asserts that Plaintiff should give a more definite statement in subparagraphs 22(h), (j) and (k). Subparagraphs (h) and (j) use the language "[i]n otherwise" with regards to LoneStar's conduct. The Court finds that Plaintiff need not replead these paragraphs. The use of the language "in otherwise" does not render the allegations so vague and ambiguous as to make it impossible for LoneStar to respond to the claims.

Finally, subparagraph (k) alleges that Defendant was negligent in:

Training and instructing its employees, agents and/or drivers that the laws and regulations governing motor vehicles and permitted motor vehicles in the Commonwealth of Pennsylvania required said employees, agents and/or drivers to proceed from an area where no danger to motorists existed into an area where an extremely dangerous condition would exist for motorists.

(ECF No.1-2 at ¶22(k)). The Court does not find that this allegation is so vague or ambiguous that Defendant cannot respond to it. Therefore, the Court will not require Plaintiff to provide a more definite statement in this subparagraph.

## 5. CONCLUSION

For the aforementioned reasons, the Court will grant Defendant's motion for partial dismissal. Defendant's motion for a more definite statement will be granted in part and denied in part. Plaintiff is given leave to amend its complaint in order to address the deficiencies outlined above. An appropriate order follows.

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOAN F. GREGG,** *Executrix of the Estate of* | ) | |
| *DONALD J. GREGG, SR., Deceased,* | ) | **CIVIL ACTION NO. 3:14-44** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| **v.** | ) | |
| | ) | |
| **LONESTAR TRANSPORTATION, LLC,** | ) | |
| *a Texas limited liability company,* | ) | |
| **Defendant.** | ) | |

### ORDER OF COURT

AND NOW, this 6th day of March, 2015, upon consideration of Defendant's motion for partial dismissal of complaint and for a more definite statement (ECF No. 3), it is **HEREBY ORDERED AS FOLLOWS:**

1. Defendant's motion for partial dismissal is **GRANTED.**

2. Defendant's motion for a more definite statement is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff is granted 21 days from the date of this order to file an amended complaint.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**