IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN F. GREGG, *Executrix of the Estate of DONALD J. GREGG, SR., Deceased*,<br>Plaintiff,<br><br>v.<br><br>LONESTAR TRANSPORTATION, LLC,<br>*a Texas limited liability company*,<br>Defendant. | CIVIL ACTION NO. 3:14-44<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, Joan F. Gregg, Executrix of the Estate of Donald J. Gregg, Sr. ("Gregg"), brought this complaint against Defendant LoneStar Transportation, LLC. (ECF No. 1 at 1). Presently before this Court is Defendant's motion for partial dismissal of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 19). Defendant asserts that Plaintiff's amended complaint fails to allege facts to support claims of recklessness and for punitive damages, and that those claims should therefore be dismissed. (*Id.* at ¶ 23). For the reasons below, the Court finds that Defendant's motion shall be granted.

### II. BACKGROUND

#### a. Procedural background

The procedural background to this case was already laid out in this Court's earlier memorandum opinion on Defendant's first motion to dismiss. (ECF No. 17). The Court granted Defendant's motion to dismiss and granted Plaintiff leave to file an amended

1

complaint. (*Id.* at 11). Plaintiff subsequently filed an amended complaint (ECF No. 18), and Defendant filed a second motion to dismiss (ECF No. 19).

### b. Factual background

The Court already laid out in detail the factual background to this case in its earlier memorandum opinion. (ECF No. 17). The facts will be restated here only insofar as additional facts have been pled by Plaintiff in the amended complaint and insofar as they pertain to the instant motion to dismiss. Plaintiff asserts that as a direct result of Defendant's conduct that was "intentional, willful, outrageous, reckless and deliberately indifferent" Gregg suffered injuries, death and other damages. (ECF No. 18 at ¶ 39). Plaintiff further alleges that Defendant and its agent had knowledge and/or had a subject appreciation of the risk of harm to which they exposed Gregg, and that they acted in conscious disregard of that risk. (*Id.* at ¶ 41). Plaintiff also asserts that Defendant and its agent's appreciation of the risk was outrageous because of their reckless indifference to the rights and safety of Gregg, and that it was so outrageous as to demonstrate willful, wanton or reckless conduct. (*Id.* at ¶¶ 42–43).

Plaintiff further states that Defendant's training of its employees was outrageous because of its reckless indifference to the rights and safety of motorists, including Gregg. (*Id.* at ¶ 50). Plaintiff claims that Defendant, acting through its duly authorized agents, engaged in intentional, willful, outrageous, reckless and deliberately indifferent conduct by training and instructing its employees, agents and/or drivers that the laws and regulations of the Commonwealth of Pennsylvania "required said employees, agents

and/or drivers to proceed from an area where no danger to motorists existed into an area where an extremely dangerous condition would exist for motorists [.]" (*Id.* at ¶ 48).

**III. STANDARD OF REVIEW**

The Court already set out the motion to dismiss standard in its earlier memorandum opinion (ECF No. 17 at 4), and will therefore not restate it here.

**IV. ANALYSIS**

Defendant argues that Plaintiff's amended complaint contained no new facts, but rather inserted "broad, conclusory averments, or 'buzzwords.'" (ECF No. 20 at 8–9). Thus, Defendant asserts that the amended complaint "fails as a matter of law to allege facts sufficient to establish valid claims of recklessness and for punitive damages." (*Id.* at 10).

As this Court noted in its earlier opinion, punitive damages are an "extreme remedy" available only in the most exceptional matters. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984), citing *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963). Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). In order to support a claim for punitive damages, a plaintiff must establish that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that

risk." *Id*. at 124; *see also Ditzler v. Wesolowski*, No. 3:05-cv-325, 2007 WL 2253596, at *4 (W.D. Pa. Aug. 3, 2007).

Applying these considerations to the facts pled, the Court finds that Plaintiff has failed to plead sufficient facts to establish a claim for punitive damages. Plaintiff alleges that:

> Edwards and LoneStar had knowledge and/or had a subject appreciation of the risk of harm to which they exposed [Plaintiff] prior to the time Edwards and LoneStar elected to begin the maneuver . . . , and that Edwards and LoneStar acted in conscious disregard of that risk by nevertheless electing to attempt to complete said maneuver.

(ECF No. 18 at ¶ 41). This bare allegation is insufficient to establish a plausible claim that Defendant's conduct was so outrageous as to warrant the award of punitive damages. As the Court noted above, punitive damages are an extreme remedy available only in the most exceptional matters. Plaintiff pleads that LoneStar's subjective appreciation of the risk to which it exposed Plaintiff "was outrageous because of Edwards' and LoneStar's reckless indifference to the rights and safety of Gregg." (*Id.* at ¶ 42). A complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has failed to allege sufficient facts to allow the Court to draw the reasonable inference that Defendant engaged in such outrageous behavior in maneuvering the truck as to show a reckless indifference to the rights of Plaintiff. *See Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984). Plaintiff also failed to allege sufficient facts to establish that Defendant's failure to use the safety escort to warn other

4

motorists was outrageous. For all of these reasons, the Court finds that Plaintiff has failed to state a plausible claim for relief.

Plaintiff also alleges that Defendant trained its employees in such a manner that it "had knowledge and/or had a subject appreciation of the risk of harm to which [Defendant] would be exposing other motorists, including Gregg, that would be driving in extremely foggy conditions," and that Defendant "acted in conscious disregard of those risks in nevertheless instructing and training its employees, agents and/or drivers[.]" (ECF No. 18 at ¶ 49). However, here too the Court finds that Plaintiff has failed to allege sufficient facts to allow the Court to draw the reasonable inference that Defendant was reckless in training its employees. *See Feld*, 485 A.2d at 747.

The Court found in its initial opinion on Defendant's motion to dismiss that Plaintiff had failed to plead sufficient facts to support a punitive damages claim. (ECF No. 17 at 7). The Court now finds that Plaintiff's amended complaint has failed to plead any additional facts to substantiate that claim, and that the punitive damages claim should therefore be dismissed. As Defendant noted in its brief, Plaintiff's amended complaint simply asserted words such as "reckless" and "outrageous," without explaining why Defendant's actions were so outrageous as to demonstrate willful, wanton or reckless conduct.

### V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim for relief for his claims of recklessness and for

5

punitive damages. The Court will therefore grant Defendant's partial motion to dismiss.

Count III of Plaintiff's amended complaint is hereby dismissed.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN F. GREGG, *Executrix of the Estate of DONALD J. GREGG, SR., Deceased*, | ) ) ) | CIVIL ACTION NO. 3:14-44 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| LONESTAR TRANSPORTATION, LLC, *a Texas limited liability company*, | ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this **12th** day of June, 2015, upon consideration of Defendant's partial motion to dismiss (ECF No. 19), it is **HEREBY ORDERED** that the motion is **GRANTED.** Count III of Plaintiff's Amended Complaint is hereby dismissed.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE